FILED  
United States Court of Appeals  
Tenth Circuit

August 20, 2025

Christopher M. Wolpert  
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellant, | |
| v. | No. 25-2074 |
| | (D.C. No. 2:25-CR-01801-SMD-1) |
| KOMILJON TOIROV, | (D. N.M.) |
| Defendant - Appellee. | |

_____

### ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, Chief Judge, **BACHARACH** and **CARSON**, Circuit Judges.
_____

This matter is before the court on the government's bail memorandum, the defendant's response, the government's notice regarding the defendant's transportation to New York and his release into the community, and the district court's supplemental alternative findings. We conclude the district court erred in its June 18 release order when it treated the answer to the statutory-interpretation question (*i.e.*, the state of mind required to violate 18 U.S.C. § 1382 and 50 U.S.C.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 797) as essentially dispositive of whether there are conditions of release that will reasonably assure the defendant's appearance as required. In particular, the district court failed to consider whether the defendant is a flight risk even if the statutory-interpretation question is resolved in his favor. We therefore VACATE the district court's June 18 release order and remand for further consideration of the detention/release question consistent with this order and judgment. We deny the government's motion to file a reply brief as moot.

    The mandate shall issue forthwith.

                                      Entered for the Court

                                      Per Curiam

*United States v. Toirov*, No. 25-2074
**BACHARACH**, J., dissenting.

The district court denied the government's motion to detain Mr. Toirov before his trial based on a risk of nonappearance. The majority vacates that ruling and remands based on an argument that the government didn't make either in district court or on appeal. I respectfully disagree with the majority's approach.

In district court, the government bore the burden of proving by a preponderance of the evidence that no combination of conditions could reasonably assure Mr. Toirov's continued appearances in court. *United States v. Ailon-Ailon*, 875 F.3d 1334, 1337 (10th Cir. 2017). The government set out to satisfy that burden, relying almost completely on the strength of the evidence on misdemeanor charges relating to unlawful entry of military property and violation of security regulations. *See* 18 U.S.C. § 1382; 50 U.S.C. § 797.

The weight of that evidence would ordinarily bear on the risk of flight because strong evidence of guilt frequently creates an incentive to flee. *See United States v. Zhang*, 55 F.4th 141, 151 (2d Cir. 2022). Here, however, the district court concluded that the evidence of guilt was thin

because the charges rested on a misinterpretation of the underlying criminal laws.[1]

On appeal, the government argues only that the district court misinterpreted these laws. But the weight of the evidence is ordinarily pertinent only to the extent that it bears an incentive to flee. *See id.* When the district court ruled, it could reasonably doubt an incentive or opportunity to flee for two reasons.

First, the court knew that a release order would simply shift Mr. Toirov's detention from the marshals' supervision to ICE's. Because Mr. Toirov would remain in custody either way, the court could reasonably view flight as unlikely. *See United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996) (per curiam) (concluding that a noncitizen wasn't a flight risk in part because the INS had lodged a detainer and could confine the noncitizen pending deportation proceedings).

Second, the district court had already decided that the government couldn't prove guilt on the misdemeanor charges involving unlawful entry of military property and violation of security regulations. These charges first arose on a complaint, and the district court had to determine whether probable cause existed. Fed. R. Crim. P. 4(a). The district court concluded that the government hadn't met even the light standard of probable cause

---

[1] Mr. Toirov also pleaded guilty to unlawful entry into the United States and obtained a sentence of time served.

2

and ordered dismissal of the charges. The government bypassed that ruling by refiling these charges through an Information. Given the prior dismissal of these charges, however, the court could reasonably infer that Mr. Toirov would have had little reason to fear a conviction.

For both reasons, I believe that the district court didn't err based on the arguments and facts that existed when the court ruled.

The facts changed after the ruling: ICE transported Mr. Toirov to New York and released him from custody. After these changes, the district court stated that if it were to credit the government's interpretation of the underlying criminal statute, Mr. Toirov should be detained because he would have gained an opportunity to avoid removal or prosecution by disappearing into the population. Of course, no such opportunity existed at the time of the detention hearing because Mr. Toirov was going to remain in custody regardless of the ruling.

After the court ruled, however, Mr. Toirov's release from ICE custody allowed the government to seek reopening of the detention hearing based on a change in circumstances. 18 U.S.C. § 3142(f). But the government didn't seek reopening.

Nor did the government supplement its appellate briefing to argue that Mr. Toirov would have been a flight risk based on an opportunity to

3

flee by integrating into society.[2] Without any argument from the government about an opportunity to flee, the majority vacates the release order. But the district court didn't err by failing to conjure arguments never made.

We don't typically reverse a district court on grounds that the appellant hasn't presented. *United States v. Tee*, 881 F.3d 1258, 1269 (10th Cir. 2018). In fact, we've consistently declined to do so in the absence of supplemental briefing and exceptional circumstances. *Id.*

We've not invited supplemental briefing. And the circumstances aren't exceptional, for the government could have moved to reopen the detention hearing based on Mr. Toirov's transportation to New York and release from ICE custody. 18 U.S.C. § 3142(f).

Absent supplemental briefing or exceptional circumstances, I would confine our review to the facts and arguments presented to the district

---

[2] We do not have records bearing on ICE's decision to release Mr. Toirov. Generally, however, noncitizens can obtain release from ICE custody only by showing that they will likely appear at any future proceeding. 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8); *see also* U.S. Dep't of Justice, Exec. Off. for Immigr. Rev., *Immigration Court Practice Manual* § 9.3(e), *available at* https://www.justice.gov/eoir/reference-materials/ic/chapter-9/3 (stating that the immigration judge decides on detention or release based on multiple factors, including "whether the alien is likely to appear for further immigration proceedings"). So "[t]he fact that ICE or an [immigration judge] has determined that a non-citizen is eligible for release on bond shows that he is not so great a flight risk as to require detention without bond." *Hernandez v. Sessions*, 872 F.3d 976, 981 n.3 (9th Cir. 2017).

4

court. Based on the facts that existed and the arguments made, the district court did not err in finding that a combination of conditions could reasonably assure Mr. Toirov's continued court appearances. I therefore respectfully dissent.