IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | NO. 25-cr-1801 SMD |
| ) | |
| vs. ) | |
| ) | |
| KOMILJON TOIROV, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**UNOPPOSED MOTION TO VACATE AND RESET JURY TRIAL**

The United States hereby requests that the Court vacate the October 20, 2025, jury trial and reset the trial after the Tenth Circuit decides the pending interlocutory appeal.

**I.   DISCUSSION**

   **A.  The Interlocutory Appeal Tolls the Speedy Trial Deadline**

The United States filed a Notice of Appeal (Doc. 44) of the court's Amended Order of Release (Doc. 37) on September 24, 2025.  As noted in the parties' July 31, 2025, Joint Status Report (Doc. 33), the United States continues to agree with the Court that the "fil[ing] [of such a] notice of appeal of release to the Tenth Circuit . . . . tolls the Speedy Trial deadline pursuant to 18 U.S.C. § 3161(h)(1)(C)."  Doc. 28 (the Court's order vacating the August 4, 2025, trial setting in light of the first Notice of Appeal (Doc. 24)); *see* § 3161(h)(1)(C) (excluding "delay resulting from *any* interlocutory appeal" (emphasis added)).[1]

---

[1] *See also United States v. Tinklenberg*, 563 U.S. 647, 655-60 (2011) (holding that periods of exclusion under § 3161(h) are automatic and do not depend on whether the applicable event "actually caused or was expected to cause delay of a trial"); *United States v. Taylor*, 489 F. App'x 34, 50 (6th Cir. 2012) (observing that a motion for detention hearing stops the speedy trial clock); *United States v. Davenport*, 935 F.2d 1223, 1230 (11th Cir. 1991) (noting that "[t]he government correctly argues that appellant's appeal of his detention status was an interlocutory appeal, which tolls appellant's speedy trial clock under 18 U.S.C.A. § 3161(h)(1)(E) [now 18 U.S.C.§ 3161(h)(1)(C)]").

The United Stated previously calculated that "13 speedy trial clock days ha[d] elapsed" while the first appeal of the release order was pending. Doc. 33 at 2. Because an additional 18 days have elapsed since September 6, 2025 (i.e., the day after the Court issued its September 5, 2025, Amended Order of release once "jurisdiction [was] transferred back to the [district] court," Doc. 36 at 1), the United States calculates that a total of 31 speedy trial clock days elapsed before this second appeal again began to toll the clock.

### B. The Interlocutory Appeal Divests the District Court of Its Control over Those Aspects of the Case Involved in the Appeal

"An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). This rule arises from the "general[] underst[anding] that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs*, 459 U.S. at 58.

The instant appeal presents the Tenth Circuit with another opportunity to address the fundamental and unresolved legal question in this case. Specifically, the Tench Circuit will be asked again to decide whether the two offenses that Defendant is set to be tried on (50 U.S.C. § 797 and 18 U.S.C. § 1382) "require proof that [Defendant] knew he was entering a restricted military zone." *See* Doc. 5 (first appeal, no. 25-2074). Because the questions of law "involved in the appeal" are the same as the questions of law involved in the trial, the district court appears to be "divest[ed] . . . of its control over those aspects of the case." *Coinbase*, 599 U.S. at 740.

### C. Defendant Does Not Oppose a Continuance of the Trial Setting

Defendant, who continues to remain on an order of supervision pending travel arrangements, has been contacted about the instant motion, and he does not oppose a continuance of the October 20, 2025, trial setting.

## II. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court vacate the October 20, 2025, jury trial (Doc. 42), including the corresponding October 14, 2025, pretrial conference (Doc. 41) and the scheduling order deadlines (Doc. 40), and reset the trial after the Tenth Circuit decides the pending interlocutory appeal.

Respectfully Submitted,

RYAN ELLISON
Acting United States Attorney

_____
GRANT B. GARDNER
JACKSON K. DERING V
Assistant United States Attorneys
200 N. Church Street
Las Cruces, New Mexico 88001

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document using the Court's CM/ECF filing system, which will send electronic notification to opposing counsel of record.

*/s/  Filed Electronically on 9/24/2025*
GRANT B. GARDNER
Assistant United States Attorney